# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00476-GCM

| | |
|---|---|
| JANE O'NEILL,<br><br>**Plaintiff,**<br><br>v.<br><br>OPEN WATER ADVENTURES INC,<br>HEATHER GAYDESKI,<br>JOSEPH GAYDESKI,<br>DILLON MATTHEWSON,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss (ECF Doc. 12), which was filed by Defendants Open Water Adventures, Inc., Joseph Gaydeski, Heather Gaydeski, and Dillon Matthewson (collectively, "Defendants") on November 6, 2020. Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") (ECF Doc. 16) on December 3, 2020, and Defendants filed their Reply (ECF Doc. 18) on December 21, 2020. The Motion, now being fully briefed, is ripe for consideration, and the Court finds the following.

## I. BACKGROUND

This is a tragic case about Decedent Randolph Michael O'Neill, who died on or about April 10, 2019, during an open water scuba dive in international waters off the coast of the Commonwealth of Dominica. Plaintiff alleges that this dive trip to Dominica was booked through Defendants so that Decedent could complete his Scuba Schools International training with Defendants. After Decedent's fatal dive trip, his wife, Plaintiff Jane O'Neill, filed this case in federal court alleging claims for wrongful death under general maritime law, wrongful death under

the Death on the High Seas Act ("DOHSA"), wrongful death under North Carolina law, and breach of contract under North Carolina law.

Defendants argue that the Complaint should be dismissed, pursuant to Rule 12(b)(6), in accordance with certain liability waivers Decedent allegedly signed. According to Defendants, as part of the training that Decedent contracted with Defendants to provide, Decedent signed a "Waiver and Release of Liability, Assumption of Risk and Indemnity Agreement" ("OWA Waiver") on or about September 1, 2018. Decedent also purportedly signed a "Liability Release and Assumption of Risk for Supervision of Certified Divers" ("Dominica Waiver") form on April 6, 2019. Alternatively, Defendants argue that: Plaintiff's claims for nonpecuniary damages, punitive damages, and attorney's fees are not available under the applicable law; Plaintiff's claim for breach of contract is preempted by the DOHSA claim; and Plaintiff failed to join indispensable parties pursuant to Rule 12(b)(7) and Rule 19. Any additional relevant facts are set forth in the discussion section below.

## II. DISCUSSION

Defendants' Motion to Dismiss invokes both Rule 12(b)(6) and Rule 12(b)(7) of the Federal Rules of Civil Procedure. The following discussion first addresses all issues raised under Rule 12(b)(6) before proceeding to address whether dismissal is appropriate under Rule 12(b)(7).

### A. Motion to Dismiss Under Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may assert that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Complaints need not give "detailed factual allegations," but a plaintiff must provide more than "a formulaic recitation of the elements of a cause of action" or "labels and conclusions" to avoid dismissal under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual

allegations must rise above a speculative level and complaints must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts will "accept as true" all factual allegations. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### 1. Motion to Dismiss Due to OWA Waiver and Dominica Waiver

At the outset, the Court must address Plaintiff's argument that it is not appropriate to grant the Motion to Dismiss on the basis of the OWA Waiver and Dominica Waiver without converting the Motion to Dismiss into a motion for summary judgment. In a Rule 12(b)(6) motion, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, courts are permitted to consider the sufficiency of the allegations set forth in the complaint and documents either attached or incorporated by reference into the complaint. *Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015). A document that is not attached or explicitly incorporated by reference, but that is authentic and integral to the complaint, may be considered without converting the motion to a Rule 56 motion. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 164–66 (4th Cir. 2016).

Here, the Court cannot conclude that a grant of Defendants' motion to dismiss under Rule 12(b)(6) on the basis of the alleged existence of the OWA Waiver and Dominica Waiver is appropriate. Neither of these waivers were attached to the Complaint nor were they incorporated by reference. According to the Complaint, Defendants entered into an agreement with Decedent to provide scuba diving instruction and original copies of the written agreements were believed to

be in the possession, custody, or control of the Defendants. The OWA Waiver is never referenced. Additionally, the Complaint alleges that the Dominica trip was part of the contracted scuba diving instruction course. Again, the Dominica Waiver is never referenced in the Complaint. Plaintiff's Response disputes the authenticity of the OWA Waiver in that Decedent's copy of the waiver was different than Defendants' copy. Further, Plaintiff disputes the applicability of the Dominica Waiver. Upon review of the relevant pleadings and facts, at this juncture the Court cannot conclude that the waivers are both authentic and integral to the complaint so as to make it appropriate to consider them in a motion to dismiss under Rule 12(b)(6).

Further examination of caselaw surrounding Rule 12(b)(6) motions to dismiss on the basis of waivers or releases supports the Court's conclusion that dismissal is not currently appropriate based on the subject waivers. A waiver or release is classified as an affirmative defense, making it "a proper subject of a Rule 12(b)(6) motion to dismiss 'only if it clearly appears on the face of the complaint.'" *RCDI Constr., Inc. v. Spaceplan/Architecture, Plan. & Interiors, P.A.*, No. CIV. 100CV177, 2001 WL 1013241, at *2 (W.D.N.C. Jan. 25, 2001) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)); *see also Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Generally, a motion under Rule 12(b)(6) is not the appropriate vehicle to mount a challenge pursuant to an affirmative defense such as a release. *See Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 460–61 (M.D.N.C. 2016); *see also Goodman*, 494 F.3d at 464. As previously noted, the existence of any waiver or release is not clearly revealed on the face of this Complaint. Further, even if the Court were to conclude the existence of this affirmative defense was clear on the face of the Complaint, the interpretation of these waivers requires fact-specific determinations that are not appropriate for a Rule 12(b)(6) motion to dismiss. Therefore, this portion of Defendants' Motion to Dismiss should be denied.

## 2. Motion to Dismiss Claims for Nonpecuniary Damages and Attorney's Fees

Defendants' Motion to Dismiss also argues that Plaintiff's claims for nonpecuniary damages, including loss of consortium, society, affection and companionship, and punitive damages, and also Plaintiff's claims for attorney's fees, are not recoverable under the applicable law. The Complaint alleges jurisdiction pursuant to federal admiralty or maritime jurisdiction and DOHSA. *See* 28 U.S.C. § 1333(1) (2018); 46 U.S.C. § 30302 (2018). DOHSA governs wrongful death actions that occur "beyond 3 nautical miles from the shore of the United States." 46 U.S.C. § 30302. Under DOHSA, only pecuniary damages are available for deaths occurring beyond three nautical miles from a United States shore. *Id.* § 30303. While Plaintiff argues that state law remedies for wrongful deaths of non-seaman are not displaced under DOHSA, this is only true for deaths occurring in a state's territorial waters. *See, e.g.*, *Yamaha Motor Corp. U.S.A. v. Calhoun*, 516 U.S. 199, 202 (1996) (allowing state law remedies only because the death occurred within the state's territorial waters after explaining that state remedies are applied to maritime wrongful-death cases where no federal statute specifies the appropriate relief); *see also Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 211, 232 (1986) (explaining that DOHSA preempts the laws of states and maritime common law where it applies).

Plaintiff does not contend that Decedent's death occurred within North Carolina's territorial waters and, instead, alleges that the death occurred in international waters off the shore of Dominica. Because DOHSA specifies the appropriate relief in this instance, which is only pecuniary, any state law remedies for the wrongful death claim are precluded. Therefore, Plaintiff's claims for nonpecuniary damages, including loss of consortium, society, affection and companionship, and punitive damages, should be dismissed.

Defendants further argue that the Court should dismiss Plaintiff's claims for attorney's fees. DOHSA does not provide for attorney's fees or specify whether attorney's fees are recoverable. While the Fourth Circuit does not appear to have ruled on this subject, other courts have concluded that attorney's fees are generally not available under maritime law absent statutory authorization. *See, e.g.*, *Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co.*, 207 F.3d 1247, 1250 (11th Cir. 2000); *Noritake Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730 (5th Cir. 1980). However, certain exceptions to this general rule may arise. *See, e.g.*, *Flores v. Am. Seafoods Co.*, 335 F.3d 904, 919 (9th Cir. 2003) (discussing an exception to the general rule when defendants act in bad faith during the litigation); *Noritake Co.*, 627 F.2d at 731 n.5 (elaborating on exceptions that may arise). At this time, the Court disagrees with Defendants' contention that the claim for attorney's fees should be dismissed, and the Court will deny this portion of the motion to dismiss.

### 3. Motion to Dismiss Breach of Contract Claim

Defendants also argue that the Court should dismiss Plaintiff's breach of contract claim because Defendants contend it is nothing more than a wrongful death claim under the guise of a breach of contract claim. Courts to address this issue conclude that DOHSA precludes breach of contract claims in most cases, pursuant to United States Supreme Court precedent holding state statutes are preempted by DOHSA where it applies. *See, e.g.*, *LaCourse v. PAE Worldwide Inc.*, 980 F.3d 1350, 1358 (11th Cir. 2020); *Heath v. Am. Sail Training Ass'n*, 644 F. Supp. 1459, 1466 (D.R.I. 1986); *see also Ostrowiecki v. Aggressor Fleet, Ltd.*, 965 So.2d 527, 534, 539 (La. Ct. App. 2007) (concluding the same while relying on *Heath*, which analyzes the relevant Supreme Court precedent). That Plaintiff fashions this claim as a breach of contract claim does not override the fact that the breach of contract claim is based entirely on the same facts upon which the DOHSA wrongful death claim is based. *See Heath*, 533 F. Supp. at 1466 (stating that "[a] wrongful death

claim cast as a contract claim is still a wrongful death claim" and finding that certain breach of contract claims that relied on the same facts as DOHSA wrongful death claims were preempted).

Here, Plaintiff incorporates by reference the facts supporting the DOHSA wrongful death claim into the breach of contract claim and, while wording the list of allegations that support her breach of contract claim differently than the list of allegations supporting her DOHSA claim, it is clear that the breach of contract claim is essentially the same as the DOHSA wrongful death claim. The Court further notes that Plaintiff's Response did not address Defendants' argument for dismissal of the breach of contract claim. Because Plaintiff did not respond to this portion of Defendants' argument, Plaintiff has forfeited the right to respond. *See W. Va. Coal Workers' Pneumoconiosis Fund v. Bell*, 781 F. App'x 214, 226 (4th Cir. 2019) (distinguishing forfeiture and waiver where the plaintiff failed to respond to certain arguments in its briefing). For the reasons indicated herein, the Court concludes Defendants' Motion to Dismiss as to Plaintiff's breach of contract claim should be granted.

### B. Motion to Dismiss Under Rule 12(b)(7)

Under Rule 12(b)(7) of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). In ruling on a Rule 12(b)(7) motion to dismiss, courts accept as true the allegations set forth in a complaint. *Buttar v. November*, No. 3:10cv668, 2011 WL 2375492, at *7 (W.D.N.C. June 9, 2011). A decision to dismiss for failure to join a party "'must be made pragmatically, in the context of the substance of each case, rather than by procedural formula.'" *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999) (quoting *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968)). The moving defendant bears the burden of showing

that a party must be joined for a just adjudication. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

There is a two-step inquiry under Rule 19 for a district court to determine whether a party should be joined in an action. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). "First, the district court must determine whether the party is 'necessary' to the action under Rule 19(a)." *Id.* "If the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b)." *Id.*

In relevant part, a "required party," otherwise known as a "necessary" party, under Rule 19(a) is one where:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)–(B). The required party must also be subject to service of process and joinder must not deprive the court of subject-matter jurisdiction. Fed. R. Civ. P. 19(a)(1).

In determining whether a party is "indispensable," Rule 19(b) provides several factors to consider. Fed. R. Civ. P. 19(b). Such factors include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* As to indispensability, the ultimate question for a court to determine is "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.*

In large part, Defendants argue that Dive Dominica, Ltd., Fort Young Dive Hotel, Daniel Perryman, Marilyn James, Nigel Seraphin, and the subject dive vessel are indispensable parties, rather than addressing whether they are necessary parties. Defendants' basis for the argument that these non-parties are indispensable is that the dive in Dominica was organized and controlled by these entities, employees, and/or agents. Defendants maintain that these parties are contracting parties, and "a contracting party is the paradigm of an indispensable party." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 210 F.3d at 252 (quoting *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991)). Therefore, according to Defendants, the requirements for dismissal are met pursuant to Rule 19.

However, Defendants' argument is unavailing. Nothing in the Motion to Dismiss persuasively explains why these parties are necessary, much less indispensable. As Plaintiff notes in the Response, that these other parties may be joint tortfeasors does not make them necessary and indispensable. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990). Decedent had an agreement with Defendants for scuba diving training, and Plaintiff has alleged that the Dominica dive was part of that training. Accepting the facts alleged in Plaintiff's Complaint as true, Defendants were responsible for the Dominica dive. Whether Defendants are ultimately responsible for the events that transpired during the Dominica dive is an issue yet to be determined. But, under the facts and circumstances of this case, the existence of this issue does not mean the non-joined third parties

are necessary and indispensable. Defendants have failed to meet their burden of showing why the parties are necessary and indispensable so as to merit dismissal under Rule 12(b)(7).

III. ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (ECF Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**, as indicated herein.

**SO ORDERED**.

Signed: June 28, 2021

Graham C. Mullen
United States District Judge